UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ANGEL CONCEPCION,

                Plaintiff,

    v.                                Civ. No. 22-5456 (RMB/MJS)

CAPTAIN CARBAR, et al.,

                Defendants.

## O P I N I O N   A N D   O R D E R

This matter having come before the Court upon the application filed by plaintiff Angel Concepcion ("Plaintiff") seeking the appointment of pro bono counsel [ECF No. 1-2]; and

**WHEREAS,** Plaintiff is incarcerated at the South Woods State Prison [ECF No. 5]; and

**WHEREAS,** Plaintiff alleged in the complaint that while Plaintiff was confined in the Atlantic County Justice Facility, Plaintiff was put in "full restraints" on numerous occasions "for prolonged extended period[s] apparently to inflict gratuitous pain, discomfort, [and] sleep deprivation with no justification in threatened harm or a continu[ation] of disruptive conduct by Plaintiff." ECF No. 1 ¶ 26. Plaintiff alleged that this conduct, and the physical injuries Plaintiff suffered as a result, constituted cruel and unusual punishment and deliberate

indifference to Plaintiff's health and safety in violation of the Eighth Amendment. Id. ¶¶ 45-52; and

**WHEREAS,** on March 9, 2023, the Court (1) screened Plaintiff's complaint and permitted the complaint to proceed; (2) granted Plaintiff's application to proceed in forma pauperis ("IFP"); and (3) granted Plaintiff's motion to seal the exhibit to the complaint [ECF No. 2] containing Plaintiff's medical records. See ECF No. 7; and

**WHEREAS,** District Courts have broad discretion to grant counsel for indigent litigants under 28 U.S.C. § 1915(e). See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); and

**WHEREAS,** before evaluating the applicant's request for pro bono counsel, the Court must determine whether the applicant's underlying claims have "'some merit in fact and law.'" Id. at 155 (quoting Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)); and

**WHEREAS,** the Court finds that Plaintiff's claims meet this threshold burden. The Court has permitted Plaintiff's complaint to proceed in full against Defendants [ECF No. 7]. See Shakur v. N.J. State Prison Med. Dep't, Civ. No. 19-14994, 2022 WL 970225, at *2 (D.N.J. Mar. 31, 2022) (assuming that a plaintiff's claims had "at least some merit" because they "ha[d] been allowed to proceed"); Cagno v. Ivery, Civ. No. 19-20384, 2021 WL 1788520, at *3 (D.N.J. May 5, 2021) ("Plaintiff's claims, which survived the Court's

initial screening, clearly have arguable merit in fact and law."); and

**WHEREAS,** the Court examines the following factors when evaluating Plaintiff's application for pro bono counsel:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his [or her] own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n.5); and

**WHEREAS,** the Court does not find that Plaintiff's application has sufficiently demonstrated circumstances warranting the appointment of pro bono counsel at this time. Plaintiff's application presents only conclusory arguments addressing the Tabron factors, and Plaintiff has not yet demonstrated an inability to present the case. To date, Plaintiff has successfully filed a complaint that withstood immediate dismissal [ECF No. 1], filed a successful motion to seal sensitive documents [ECF Nos. 6, 7], served Defendants consistent with Federal Rule of Civil Procedure

4 [ECF No. 12], exchanged discovery with Defendants [ECF No. 21-1], advised the Court of Plaintiff's change in address pursuant to Local Civil Rule 10.1 [ECF No. 3], and successfully filed and argued a motion to compel discovery [ECF Nos. 21, 23]. It is therefore clear to the Court that Plaintiff is engaged in the ongoing prosecution of this case;[1] and

**WHEREAS,** the Court does not find that the deliberate indifference claims alleged by Plaintiff are so complex as to warrant the appointment of pro bono counsel at this time, see Dykeman v. Ahsan, Civ. No. 12-4634, 2017 WL 5762398, at *5 (D.N.J.

---

[1] The Court notes that Plaintiff asserts in the application that Plaintiff "has a mental health disability mental illness that will greatly impair [Plaintiff's] ability to present [the] case." ECF No. 1-2 at 3. In support of this, Plaintiff filed, under seal, certain records for the Court's consideration. ECF No. 2 at 7-10. Although the Court has reviewed these records, the Court notes that Plaintiff has not provided any additional documentation regarding this alleged disability, including anything from the past ten years. The Court does not find that this alone warrants the appointment of pro bono counsel at this time.

Additionally, as brought to the Court's attention in Defendants' opposition to Plaintiff's application, Plaintiff previously litigated another suit in this court (Civ. No. 21-8292), in which Plaintiff's application for pro bono counsel was denied. See ECF No. 14 at 3-4. Plaintiff's familiarity with the legal system, evidenced by Plaintiff recently having litigated another case pro se in this District, also weighs against appointing counsel. See Abulkhair v. U.S. Postal Serv., Civ. No. 13-7796, 2014 WL 1607379, at *2 (D.N.J. Apr. 22, 2014) (citing Gordon v. Gonzalez, 232 F. App'x 153, 157 (3d Cir. 2007)).

In light of this history, and having held a telephone conference with the parties on September 14, 2023, in which Plaintiff cogently articulated Plaintiff's positions regarding Plaintiff's motion to compel [ECF No. 21], the Court does not find that the appointment of pro bono counsel is warranted at this time.

Nov. 28, 2017) (citing <u>Parham</u>, 126 F.3d at 459)("[T]he deliberate indifference standard used to analyze Eighth Amendment claims is not a complex legal issue."); and

    **WHEREAS,** the Court recognizes the general challenges to litigating a case presented by Plaintiff's incarceration, <u>see</u> <u>Tabron</u>, 6 F.3d at 156. However, Plaintiff has not yet identified any particular obstacle that requires the assistance of <u>pro bono</u> counsel at this time. The Court has not yet been presented with evidence that Plaintiff cannot sufficiently pursue the factual investigation required by the asserted claims. The Court is further unable to fully discern at this early stage whether and to what extent this case is likely to turn on credibility determinations or require expert testimony. These factors therefore weigh against the appointment of <u>pro bono</u> counsel. <u>See</u> <u>Hamza v. United Cont'l</u> <u>Holdings, LLC</u>, Civ. No. 19-8971, 2019 WL 4254310, at *2 (D.N.J. Sept. 6, 2019); and

    **WHEREAS,** although Plaintiff has been permitted to proceed IFP in this case, indigence alone is insufficient to warrant appointment of <u>pro bono</u> counsel. <u>Id.</u> (citing <u>Christy v. Robinson</u>, 216 F. Supp. 2d 398, 410-11 (D.N.J. 2002)),

    **IT IS**, therefore, on this **15th day** of **September 2023**,

    **ORDERED** that Plaintiff's application for <u>pro bono</u> counsel [ECF No. 1-2] is **DENIED** without prejudice.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

cc: Hon. Renée Marie Bumb
    Chief United States District Judge