ECF Nos. 33, 34, 35, 39, 46, 47

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANGEL CONCEPCION,<br><br>                                        **Plaintiff,**<br><br>   v.<br><br>**CAPTAIN CARBAR, et al.,**<br><br>                                        **Defendants.** | Civil No. 22-5456 (RMB/MJS) |

# OPINION AND ORDER

This matter having come before the Court on the application of plaintiff Angel Concepcion ("Plaintiff") seeking the appointment of <u>pro bono</u> counsel [ECF No. 34] and the application of defendants Carber, Bennett, and Neall ("Defendants") to stay discovery pending resolution of Defendants' February 23, 2024 motion for summary judgment [ECF No. 39]; and

**WHEREAS**, the Court notes that the parties have also filed multiple discovery motions in this case, including Defendants' motion to take Plaintiff's deposition [ECF No. 33], Plaintiff's motion to depose Defendants [ECF No. 35], Plaintiff's motion for the appointment of experts, deposition access, correction of the record, and sanctions [ECF No. 46], and Plaintiff's motion to compel discovery [ECF No. 47]; and

**WHEREAS**, the Court has reviewed the motions and the respective responses filed in opposition [ECF Nos. 36, 40, 41, 43, 44, 45, and 48]; and

**WHEREAS**, Plaintiff is currently incarcerated at the South Woods State Prison [ECF No. 5]; and

1

**WHEREAS**, Plaintiff's previous application for the appointment of pro bono counsel [ECF No. 1-2] was denied without prejudice by this Court in an opinion and order dated September 15, 2023 [ECF No. 26]; and

**WHEREAS**, in denying Plaintiff's previous application, the Court noted that 28 U.S.C. § 1915(e) gives courts broad discretion to grant counsel for indigent litigants, see Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); and

**WHEREAS**, the Court has already found that Plaintiff's claims have "'some merit in fact and law,'" id. at 155 (quoting Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)), by virtue of being allowed to proceed with the complaint in full against all Defendants, and therefore Plaintiff has met the threshold burden of demonstrating that the appointment of counsel may be justified, Cagno v. Ivery, Civ. No. 19-20384, 2021 WL 1788520, at *3 (D.N.J. May 5, 2021) ("Plaintiff's claims, which survived the Court's initial screening, clearly have arguable merit in fact and law.") [ECF No. 26]; and

**WHEREAS**, the Court next examines the following factors when evaluating Plaintiff's application for pro bono counsel:

(1)   the plaintiff's ability to present his or her own case;

(2)   the complexity of the legal issues;

(3)   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4)   the amount a case is likely to turn on credibility determinations;

(5)   whether the case will require the testimony of expert witnesses;

(6)   whether the plaintiff can attain and afford counsel on his [or her] own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n.5); and

**WHEREAS**, in the instant application, Plaintiff has alleged that this matter "presents serious, complex, and substantial issues of law and facts that cannot properly be presented to the court without assistance"; that Plaintiff is "unable to investigate crucial facts including the requested expansion of the record accompanying this motion"; that the "nature of [the] evidence indicates that representation by counsel will more likely expose the facts of Plaintiff's meritorious claims"; that Plaintiff's "incarceration, lack of legal access to the prison library, inability to investigate facts, obtain extensive documentary discovery, depose prison officials and gain access to witnesses no longer in the custody of the Atlantic County Jail" have left Plaintiff incapable of presenting this case; and that "Plaintiff's reliance on prescribed antipsychotic medication for schizophrenia/bipolar 1 disorder . . . hinders the plaintiff's ability to comprehend the particulars pertaining to the litigation of the case" [ECF No. 34 ¶¶ 1-5]; and

**WHEREAS**, the Court has reviewed the certifications submitted by Plaintiff in support of the application, as well as the additional certifications from the same non-party individual [ECF Nos. 40, 43, and 45], wherein Plaintiff avers that unidentified individuals have interfered with Plaintiff's access to the prison's law library and to electronic discovery served in this matter, leaving Plaintiff unable to meaningfully respond to Defendants' arguments in opposition to this application; and

**WHEREAS**, the Court has also reviewed the letters filed by counsel for Defendants, in which counsel represents that her office spoke with prison staff by telephone on March 11, 2024, and that the information provided during that conversation contradicts Plaintiff's claims [ECF No. 41]; and

**WHEREAS**, with respect to the first Tabron factor, the Court must consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience," as well as "whether the plaintiff has access to necessary resources like a typewriter, photocopier, telephone, and computer." Fladger v. Hicks, Civ. No. 19-18867, 2021 WL 100208, at *2 (D.N.J. Jan. 11, 2021) (quoting Tabron, 6 F.3d at 156). On this point, the Court notes that Plaintiff has previously proceeded both with and without appointed counsel in the cases brought to this Court's attention by Defendants in their opposition to the appointment of counsel [ECF No. 36 at 3].[1] Moreover, as this Court has previously noted, Plaintiff recently litigated a case in this District in which Plaintiff's application for pro bono counsel was denied. Concepcion v. Fierro, Civ. No. 21-8292 (D.N.J. Mar. 21, 2023). Therefore, the Court again finds that Plaintiff's familiarity with the legal system, which is evidenced by Plaintiff's significant prior litigation experience, weighs against the appointment of counsel at this time; and

**WHEREAS**, the Court nevertheless notes that Plaintiff has alleged the existence of certain conditions that Plaintiff maintains could interfere with Plaintiff's ability to comprehend the proceedings, and that Plaintiff has produced records filed under seal in connection with Plaintiff's prior application for counsel [ECF No. 2], which the Court previously considered [ECF No. 26]. However, the Court notes that while evidence of a litigant's "cognitive difficulties and limitations" may sometimes tip the scales in favor of appointing counsel, see Fladger, 2021 WL 100208, at *2, such evidence does not require the appointment of counsel if it is overcome by other evidence supporting the litigant's competence to litigate the matter, including the court's own experiences with the unrepresented litigant, Powell v. Symons, 680 F.3d 301, 310 (3d Cir. 2012). On that score,

---

[1] In at least one of the cases where Plaintiff was denied counsel, the case ultimately resolved by way of settlement. See Concepcion v. Villafuerte, No. 2:08-cv-2216 (C.D. Ill. dismissed Mar. 15, 2010).

the Court finds that Plaintiff's medical records, which are over ten years old, do not demonstrate an inability to present this case in light of the Court's own experience with Plaintiff. Plaintiff's letters to this Court have been well-written, and when Plaintiff has appeared telephonically before this Court, Plaintiff presented focused and cogent arguments in support of Plaintiff's positions. The Court also notes that in this litigation alone, Plaintiff's successful filings have included: (1) a complaint that withstood immediate dismissal [ECF No. 1]; (2) a motion to seal sensitive documents [ECF Nos. 6, 7]; (3) a change in address consistent with Local Civil Rule 10.1 [ECF No. 3]; and (4) a motion to compel, on which Plaintiff also presented oral arguments to this Court [ECF Nos. 21, 23]. Plaintiff has also accomplished service consistent with Federal Rule of Civil Procedure 4 [ECF No. 12] and exchanged discovery with Defendants [ECF No. 21-1]. More recently, Plaintiff has filed additional discovery motions over the last several months, and has responded to specific arguments Defendants raised in opposition to those motions. Therefore, the Court finds that while evidence of Plaintiff's mental health conditions is relevant to the first Tabron factor, Plaintiff has not sufficiently demonstrated that this factor weighs in favor of appointing counsel;[2] and

**WHEREAS**, with respect to the second factor, the Court previously found that the deliberate indifference claims presented in Plaintiff's complaint are not so complex as to warrant the appointment of pro bono counsel, see Dykeman v. Ahsan, Civ. No. 12-4634, 2017 WL 5762398, *5 (D.N.J. Nov. 28, 2017) ("[T]he deliberate indifference standard used to analyze Eighth Amendment claims is not a complex legal issue." (quoting Parham, 126 F.3d at 459)), and

---

[2] For similar reasons, the Court finds that Plaintiff is competent to litigate this case and does not require an appointed representative. See Fed. R. Civ. P. 17(b)(2); see also Powell, 680 F.3d at 309-10.

Plaintiff has not identified any subsequent development in the case that would lead the Court to a different conclusion at this time; and

**WHEREAS**, with respect to the third factor, the Court takes note of the certifications indicating that Plaintiff has been denied access to the prison's law library and to the discovery produced in this case [ECF Nos. 40, 43, and 45]. The Court recognizes that incarcerated litigants "retain the right of meaningful access to the courts," which "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons." Winter v. Hyde, Civ. No. 17-1280, 2019 WL 2022253, at *4 (D. Del. May 8, 2019) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). In that regard, to the extent that Plaintiff has been denied complete access to legal resources or to discovery, such denial is improper. That said, even if Plaintiff has, at points, not been allowed direct access to the prison's law library, Plaintiff has had access to library staff and, based on Plaintiff's recent filings, has been uninhibited in presenting motions and filings to the Court. See Abdul-Akbar v. Watson, 4 F.3d 195, 203 (3d Cir. 1993). Indeed, Plaintiff has demonstrated a clear ability to litigate this case, and Plaintiff's most recent filings [ECF Nos. 46 and 47], wherein Plaintiff demands additional discovery, suggest Plaintiff has had an ability to review discovery, even if this was limited for a period of time. Therefore, the Court finds that under current circumstances, Plaintiff is able to pursue a factual investigation into the claims at issue, and this factor does not weigh in favor of appointing counsel at this time; and

**WHEREAS**, with respect to the fourth and fifth factors, the Court finds that there has been insufficient progress in the matter to determine whether the case will likely turn on credibility determinations or require expert testimony. Plaintiff's application does not sufficiently address the issue of credibility determinations, and though Plaintiff has filed a motion seeking the appointment

6

of an expert by the Court [ECF No. 46], the Court finds that the motion is premature.[3] Therefore, these factors weigh against appointing counsel at this time. See Hamza v. United Cont'l Holdings, LLC, Civ. No. 19-8971, 2019 WL 4254310, at *2 (D.N.J. Sept. 6, 2019); and

**WHEREAS**, with respect to the sixth factor, the Court acknowledges that Plaintiff has been permitted to proceed in forma pauperis, but notes that "the mere demonstration of indigence, in the absence of other supporting factors, is not adequate to warrant the appointment of counsel." Abadi v. Marina Dist. Dev. Co., Civ. No. 22-0314, 2023 WL 6541375, at *1 n.2 (D.N.J. May 30, 2023); and

**WHEREAS**, District Courts have wide discretion regarding "matters of docket control and conduct of discovery." See, e.g., In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982); and

**WHEREAS**, Rule 26(c) of the Federal Rules of Civil Procedure empowers district courts to impose a stay of discovery on a showing of good cause, Fed. R. Civ. P. 26(c); Maher Terminals, LLC v. Port Auth. of N.Y. & N.J., Civ. No. 12-6090, 2013 WL 2253532, at *2 (D.N.J. May 22, 2023); and

**WHEREAS**, when determining whether to stay discovery, the Court weighs a number of factors, including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the

---

[3] Federal Rule of Evidence 706 provides that upon "a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations." Fed. R. Evid. 706(a). The purpose of this rule is "to appoint independent experts that will aid the Court." Locascio v. Balicki, Civ. No. 07-4834, 2010 WL 5418906, at *3 (D.N.J. Dec. 23, 2010). It is not intended to permit indigent litigants to obtain expert witnesses at the court's expense. Id.; see also Kerwin v. Varner, Civ. No. 1:CV-03-2253, 2006 WL 3742738, at *2 (M.D. Pa. Dec. 15, 2006).

trial of the case; and (4) whether discovery is complete and/or trial date has been set, Actelion Pharms. Ltd. v. Apotex Inc., Civ. No. 12-5743, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013); and

**WHEREAS**, the Court finds that a stay of discovery pending resolution of the dispositive motion would not unduly prejudice Plaintiff or present a clear tactical disadvantage to Plaintiff, but a denial would result in a burden to Defendants as Defendants would be required to participate in discovery and litigate discovery disputes on issues that could plausibly be eliminated by the pending dispositive motion, see Perelman v. Perelman, Civ. No. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011) ("[A] stay is proper where the likelihood that [the pending] motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." (alterations in original) (quoting Weisman v. Mediq, Civ. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995)); and

**WHEREAS**, the Court finds that discovery is not complete, a trial date has not been set, and if Defendants' motion is ultimately unsuccessful, the Court will be in a position to reset scheduling deadlines, and, therefore,

**IT IS** on this **20th day** of **June 2024**,

**ORDERED** that Plaintiff's application for pro bono counsel [ECF No. 34] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendants' motion to stay discovery pending resolution of Defendants' motion for summary judgment [ECF No. 39] is **GRANTED**;[4] and it is further

---

[4] Of course, if Chief Judge Bumb finds that additional discovery is needed to decide Defendants' summary judgment motion, then the Court will lift the stay and set appropriate scheduling deadlines.

8

**ORDERED** that the Clerk's Office shall terminate the motions docketed as entry nos. 33, 35, 46, and 47. The Court, if necessary, will convene a telephone status conference following the resolution of the summary judgment motion, at which time the Court will provide a schedule to renew any specific motion that cannot be addressed via oral application on the record.

s/ Matthew J. Skahill<br>
MATTHEW J. SKAHILL<br>
United States Magistrate Judge

cc:   Hon. Renée Marie Bumb
      Chief United States District Judge